```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| AUTOMOTIVE RENTALS, INC., | 1:17-cv-3877 (NLH/KMW) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION & ORDER** |
| BAMA COMMERCIAL LEASING LLC and AUTO TRAKK LLC, | |
| Defendants. | |

**APPEARANCES:**

EDWARD J. KELLEHER
ARCHER & GREINER, PC
ONE CENTENNIAL SQUARE
HADDONFIELD, NJ 08033-0968
    On behalf of Plaintiff

ANDREW L. UNTERLACK
EISENBERG, GOLD & AGRAWAL, P.C.
1040 KINGS HIGHWAY NORTH, SUITE 200
CHERRY HILL, NJ 08034
    On behalf of Defendant Auto Trakk LLC

No appearances were entered on behalf of Defendant Bama Commercial Leasing LLC

**HILLMAN**, District Judge

   WHEREAS pending before the Court is the motion of Plaintiff Automotive Rentals, Inc. for default judgment against Defendant BAMA Commercial Leasing LLC (BAMA); and

   WHEREAS Plaintiff filed a complaint with this Court on May

31, 2017; and

WHEREAS BAMA was served on June 2, 2017; and

WHEREAS BAMA has not entered an appearance in this matter; and

WHEREAS Plaintiff filed a request for an entry of default against BAMA on June 27, 2017; and

WHEREAS the Clerk of the Court entered an entry of default against BAMA on June 28, 2017; and

WHEREAS Plaintiff filed its Motion for Default Judgment on August 11, 2017; and

WHEREAS this Court entered a February 9, 2018 Order to Show Cause, finding Plaintiff's complaint did not properly plead the citizenship of Defendants; and

WHEREAS Plaintiff subsequently filed a February 23, 2018 Amended Complaint; and

WHEREAS this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are diverse[1]

---

[1] Plaintiff's Amended Complaint pleads that Plaintiff is a corporation incorporated in New Jersey with its principal place of business in New Jersey. The Amended Complaint pleads that Defendant Auto Trakk, L.L.C. is a Pennsylvania limited liability company whose sole member is Auto Trakk Holdings, LLC, which has forty-eight members who are "residents of states other than New Jersey." (A February 23, 2018 letter, as well as the amended Joint Certification of Citizenship assert these members are "citizens" of states other than New Jersey.) The Amended Complaint pleads that BAMA is a Pennsylvania limited liability company whose sole member is a citizen of Pennsylvania.

and the amount in controversy is in excess of $75,000, exclusive of interests and costs; and

WHEREAS Plaintiff filed its Amended Complaint after entry of default and the filing of the Motion for Default Judgment, but prior to this Court rendering a decision on the Motion for Default Judgment; and

WHEREAS "[a]n amended complaint super[s]edes the original version in providing the blueprint for the future course of a lawsuit," Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002); and

WHEREAS the Clerk's entry of default on the original complaint was rendered moot since the amended complaint superseded the original complaint, see, e.g., Morris v. United States, No. 12-2926, 2013 U.S. Dist. LEXIS 180321, at *3 (D.N.J. Dec. 13, 2013); Enigwe v. Gainey, No. 10-684, 2012 U.S. Dist. LEXIS 7961, at *7-8 (E.D. Pa. Jan. 23, 2012) ("The filing of the Second Amended Complaint rendered the earlier Amended Complaint a nullity, and [Plaintiff]'s request for an entry of default . . . as to the Amended Complaint became moot." (citation omitted));[2] and

---

[2] The Court finds this is the correct result even if BAMA was not served with the Amended Complaint. Federal Rule of Civil Procedure 5(a)(2) provides: "No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." BAMA is a party in default

3

THEREFORE,

IT IS on this   9th   day of    March   , 2018

ORDERED that the Clerk of the Court's entry of default against BAMA is hereby vacated; and it is further

ORDERED that the Clerk of the Court is directed to enter default on the Amended Complaint against BAMA after the filing of this Order; and it is further

---

for failing to appear. The Amended Complaint contains new facts relating to damages, but does not assert a new claim for relief against BAMA. The Court finds service not required under Rule 5(a)(2). See, e.g., Bd. of Trs. of the Laborers Health & Welfare Tr. Fund v. Perez, No. 10-2002, 2011 U.S. Dist. LEXIS 142570, at *13 (N.D. Cal. Nov. 7, 2011) ("The Court finds, pursuant to Rule 5(a)(2), that because there are no new claims alleged in the [amended complaint], and the new allegations are damages allegations, Plaintiffs were not required to serve Defendant with the [amended complaint]."). As found by a district court in the Second Circuit, "an amended pleading excused from service on a defaulting defendant by FRCP 5(a)(2) becomes the operative document on filing, not on service," and that, "once the amended complaint becomes the operative complaint, a motion for default judgment made on a prior pleading should be denied" and "a clerk's entry of default on that pleading is mooted." Allstate Ins. Co. v. Yadgarov, No. 11-6187, 2014 U.S. Dist. LEXIS 30068, at *17, *20-21 (E.D.N.Y. Feb. 10, 2014), adopted by Allstate Ins. Co. v. Yadgarov, No. 11-6187, 2014 U.S. Dist. LEXIS 30067 (E.D.N.Y. Mar. 5, 2014). But see Wescap Co. v. Airgas, Inc., No. 03-668, 2006 U.S. Dist. LEXIS 9169, at *3 (E.D. Pa. Mar. 6, 2006) (finding where a defendant was not served, and not entitled to be served, with a second amended complaint, "the amended complaint remains live for purposes of resolving [the] application for default judgment," and thus the "application for default judgment [wa]s not moot").

4

ORDERED that Plaintiff is to refile its Affidavit of Amount Due consistent with the damages allegations in its Amended Complaint within fifteen days of this Order.

At Camden, New Jersey

 s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.