```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
  ─────────────────────────────────

  AUTOMOTIVE RENTALS, INC.,
                                           1:17-cv-3877 (NLH/KMW)
           Plaintiff,
                                           OPINION
  v.

  BAMA COMMERCIAL LEASING LLC
  and AUTO TRAKK LLC,

           Defendants.
  ─────────────────────────────────
```

**APPEARANCES:**

EDWARD J. KELLEHER
ARCHER & GREINER, PC
ONE CENTENNIAL SQUARE
HADDONFIELD, NJ 08033-0968
    On behalf of Plaintiff

ANDREW L. UNTERLACK
EISENBERG, GOLD & AGRAWAL, P.C.
1040 KINGS HIGHWAY NORTH, SUITE 200
CHERRY HILL, NJ 08034
    On behalf of Defendant Auto Trakk LLC

No appearances were entered on behalf of Defendant BAMA
Commercial Leasing LLC

**HILLMAN**, District Judge

    Pending before the Court is Plaintiff Automotive Rentals, Inc.'s Motion for Default Judgment against Defendant BAMA Commercial Leasing LLC (BAMA). For the reasons that follow, the Motion for Default Judgment will be granted.

## I. Essential Facts

Plaintiff's February 23, 2018 Amended Complaint pleads as follows. Plaintiff entered into a Fleet Management Services Agreement (the "Agreement") with BAMA on November 13, 2015. Under the Agreement, BAMA engaged Plaintiff to register and maintain vehicle license plates with the appropriate tolling authorities so that Plaintiff could pay the associated tolls, which would then be passed through to BAMA for payment. Plaintiff billed on a monthly basis for all amounts due. BAMA agreed to pay and agreed to a late payment penalty in the amount of up to 1.5% per month.

BAMA was notified of its default in payments due to Plaintiff. Pursuant to invoices issued by Plaintiff, BAMA owes $355,708.11, plus interest and attorneys' fees, after issuance of a credit of $11,722.09.

## II. Procedural Posture

Plaintiff filed a complaint with this Court on May 31, 2017. The complaint asserts five counts: (1) breach of contract, (2) breach of the duty of good faith and fair dealing, (3) book account, (4) unjust enrichment, and (5) quantum meruit.

BAMA was served on June 2, 2017, but BAMA has not entered an appearance in this matter. Plaintiff filed a request for an entry of default against BAMA on June 27, 2017, which was entered by the Clerk of the Court on June 28, 2017. Plaintiff

filed its Motion for Default Judgment on August 11, 2017.

This Court entered a February 9, 2018 Order to Show Cause, finding Plaintiff's complaint did not properly plead the citizenship of Defendants. Plaintiff subsequently filed a February 23, 2018 Amended Complaint. This Amended Complaint was filed after entry of default and the filing of the Motion for Default Judgment, but prior to this Court rendering a decision on the Motion for Default Judgment. The Court found the Clerk's entry of default on the original complaint was rendered moot since the Amended Complaint superseded the original complaint.

The Court entered a March 9, 2018 Order directing the Clerk of the Court vacate the entry of default against BAMA. The Court further ordered the Clerk of the Court to enter default on the Amended Complaint against BAMA after the filing of the March 9, 2018 Order.[1] The Court ordered Plaintiff to refile its

---

[1] In its March 9, 2018 Order, the Court found this was the correct result even if BAMA was not served with the Amended Complaint. Federal Rule of Civil Procedure 5(a)(2) provides: "No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." BAMA is a party in default for failing to appear. The Amended Complaint contains new facts relating to damages, but does not assert a new claim for relief against BAMA. The Court finds service not required under Rule 5(a)(2). See, e.g., Bd. of Trs. of the Laborers Health & Welfare Tr. Fund v. Perez, No. 10-2002, 2011 U.S. Dist. LEXIS 142570, at *13 (N.D. Cal. Nov. 7, 2011) ("The Court finds, pursuant to Rule 5(a)(2), that because there are no new claims alleged in the [amended complaint], and the new allegations are damages allegations, Plaintiffs were not

3

Affidavit of Amount Due consistent with the damages allegations. Plaintiff filed its amended Affidavit on March 23, 2018.

### III. Jurisdiction

This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are diverse and the amount in controversy is in excess of $75,000, exclusive of interest and costs. Plaintiff's Amended Complaint pleads that Plaintiff is a corporation incorporated in New Jersey with its principal place of business in New Jersey. The Amended Complaint pleads that Defendant Auto Trakk, L.L.C. is a Pennsylvania limited liability company whose sole member is Auto Trakk Holdings, LLC, which has forty-eight members who are

---

required to serve Defendant with the [amended complaint]."). As found by a district court in the Second Circuit, "an amended pleading excused from service on a defaulting defendant by FRCP 5(a)(2) becomes the operative document on filing, not on service," and that, "once the amended complaint becomes the operative complaint, a motion for default judgment made on a prior pleading should be denied" and "a clerk's entry of default on that pleading is mooted." Allstate Ins. Co. v. Yadgarov, No. 11-6187, 2014 U.S. Dist. LEXIS 30068, at *17, *20-21 (E.D.N.Y. Feb. 10, 2014), adopted by Allstate Ins. Co. v. Yadgarov, No. 11-6187, 2014 U.S. Dist. LEXIS 30067 (E.D.N.Y. Mar. 5, 2014). But see Wescap Co. v. Airgas, Inc., No. 03-668, 2006 U.S. Dist. LEXIS 9169, at *3 (E.D. Pa. Mar. 6, 2006) (finding where a defendant was not served, and not entitled to be served, with a second amended complaint, "the amended complaint remains live for purposes of resolving [the] application for default judgment," and thus the "application for default judgment [wa]s not moot").

"residents of states other than New Jersey." (A February 23, 2018 letter, as well as the amended Joint Certification of Citizenship, assert these members are "citizens" of states other than New Jersey.) The Amended Complaint pleads that BAMA is a Pennsylvania limited liability company whose sole member is a citizen of Pennsylvania.

### IV. Standard for Default Judgment

"Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and we repeatedly state our preference that cases be disposed of on the merits whenever practicable.'" Id. (quoting Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984)).

"Although the Court should accept as true the well-pleaded allegations of the Complaint, the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." Id. at 535-36 (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Directv, Inc. v. Asher, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14,

2006)). "Consequently, before granting a default judgment, the Court must first ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" Id. at 536 (quoting Asher, 2006 WL 680533, at *1).

Once a valid claim has been asserted, "[t]hree factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.85 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)).

**V. Analysis**

Before assessing the factors that control whether default judgment should be granted, the Court must determine that Plaintiff has asserted a legitimate cause of action.

"To state a claim for breach of contract in New Jersey, a plaintiff must show that (1) the parties entered into a valid contract; (2) the defendant failed to perform his duties under the contract; and (3) plaintiff sustained damages as a result of the breach." Cyprus Mines Corp. v. M & R Indus., Inc., No. 14-4590, 2015 WL 1469529, at *7 (D.N.J. Mar. 30, 2015) (citing Lincoln Harbor Enters., LLC v. M.Y. Diplomat, No. 08-526, 2008

WL 5046787, at *5 (D.N.J. Nov. 21, 2008)).[2] The Court finds Plaintiff has asserted a legitimate breach of contract claim.

Plaintiff pleaded a valid contract in stating the parties entered into the Agreement. The Amended Complaint also states BAMA was in default in payments, constituting a breach. Finally, Plaintiff's Amended Complaint asserts damages of $355,708.11. The Court finds this constitutes a legitimate breach of contract claim. Accordingly, the Court moves to the factor test which governs granting a motion for default judgment.

With regard to the second two factors – whether there is a litigable defense and whether the defendant's delay is due to culpable conduct – the Court finds that because BAMA was properly served but has failed to appear in this action, it is unknown whether BAMA has a meritorious defense to Plaintiff's claim, and the inference is that BAMA's default was the result of its own culpable misconduct.

As to the first factor – prejudice to the plaintiff if default is denied – "[a] plaintiff will be prejudiced absent a default judgment where, due to the defendant's continued failure to respond to plaintiff's claims, the plaintiff is left with no

---

[2] The Agreement states it is to "be governed by and shall be construed according to the laws of the State of New Jersey."

7

other recourse." Id. at *8 (citing Ford v. Consigned Debts & Collections, Inc., No. 09-3102, 2010 WL 5392643, at *4 (D.N.J. Dec. 21, 2010)). The Court finds Plaintiff will be prejudiced if default judgment is not entered against BAMA.

The Court thus finds all three factors support granting Plaintiff's Motion for Default Judgment. Further, the Court finds Plaintiff has provided competent documentation, through the production of invoices, to support its demand of $355,708.11.[3] Accordingly, Plaintiff's Motion for Default Judgment will be granted, and judgment will be entered in the amount of $355,708.11. An Order and Judgment consistent with this Opinion will be entered.

At Camden, New Jersey

   s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[3] The amended Affidavit filed in support of Plaintiff's Motion for Default Judgment states Plaintiff "agrees to waive its claim against BAMA for interest, attorneys' fees and costs under the Agreement" "[f]or purposes of this application for entry of Default Judgment only."